THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 14, 2011



Honorable Susan V. Kelley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Ariel JC Arnett,
    Debtor.

Chapter 7
Case No.: 11-28370-svk

**ORDER OF CIVIL CONTEMPT AS TO JENNIFER VALENTE ABBOTT**

    Ariel JC Arnett (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 24, 2011. Although no bankruptcy petition preparer is listed on her petition, the Debtor advised the intake clerk that she had paid Jennifer Abbott to help her prepare her petition. At a hearing held on June 6, 2011, the Debtor testified that Ms. Abbott helped her prepare her petition, but that she did not pay her. Jennifer Abbott was barred from assisting with bankruptcy petition preparation on September 28, 2010.

    On June 9, 2011, the United States Trustee moved pursuant to 11 U.S.C. § 105 and Bankruptcy Rules 9014 and 9020, for an order of civil contempt against Jennifer Valente Abbott. The Court held an evidentiary hearing on June 28, 2011; the U.S. Trustee's attorney and the Debtor appeared, but Ms. Abbott did not appear. At the U.S. Trustee's request, the hearing was continued to August 3, 2011. After the Debtor testified at her meeting of creditors that Ms. Abbott did not charge her for preparing her bankruptcy petition, the U.S. Trustee withdrew the Motion. However, at a show cause hearing on October 18, 2010 in the case of Jon R. Winkelhake (10-36074), when Ms. Abbott was present, the Court barred Jennifer Abbott from assisting with bankruptcy petitions, even without charge. The Court's Minutes from that hearing reflect:

    The Court unequivocally told Ms. Abbott that she must absolutely stop preparing petitions and that she may not even prepare petitions for free. The Court stated,

"Do not prepare petitions, email matrices, [or] do anything to assist unrepresented people in bankruptcy, do you understand?" Ms. Abbott replied that she did understand the Court's directive. Accepting Ms. Abbott's acknowledgment, the Court dismissed its Order to Show Cause. The Court stated that if Ms. Abbott begins to prepare petitions again, the Court will impose fines.

Upon learning of the terms of the Court's directive in the Winkelhake case, the U.S. Trustee canceled the withdrawal of the Motion for Contempt in the Debtor's case, and the Court scheduled a hearing on the Motion for September 7, 2011. On August 3, 2011, the U.S. Trustee served a subpoena by U.S. Mail on Jennifer Valente Abbot [sic] at her last known address to appear at the September 7, 2011 hearing. Abbott did not appear. After considering the record in the Debtor's case and the other cases in which Jennifer Abbott has been involved, the Court makes the following findings of fact and conclusions of law:

Temporary Injunction: Cydney G. Hubbard 10-29785-svk

On July 26, 2010, the Court held a hearing to determine the reasonableness of Abbott's fees for preparing Cydney Hubbard's petition. Abbott did not appear. The Court determined the petition preparation fees were excessive and unreasonable. The Court issued an Order on July 27, 2010 directing Abbott to return the $225 fee to Cydney Hubbard within 30 days. Abbott did not comply with the Court's Order. A hearing was held on September 27, 2010, and Abbott appeared and explained that she did not have the money to refund to Ms. Hubbard. Therefore, on September 28, 2010, the Court issued an Order Barring Abbott from Preparing Bankruptcy Petitions. The Order stated that Abbott is "enjoined, prohibited, and forbidden from preparing bankruptcy petitions in this district" until Abbott refunds the entire fee of $225 to Cydney Hubbard, and returns any other petition preparer's fee that a court has ordered refunded. The Order further provided that failure to comply would result in further fines and sanctions under 11 U.S.C. § 110(h)(5).

Show Cause: Jon Robert Winkelhake 10-36074-svk

On October 18, 2010, the Court held a hearing to show cause as to why Abbott should not be held in contempt for violating the Court's September 28, 2010 Order by emailing the creditor matrix in Mr. Winkelhake's case. Ms. Abbott responded that she did not believe that assisting with a creditor matrix constituted preparing a bankruptcy petition. The Court clarified: "Do not prepare petitions, email matrices, [or] do anything to assist unrepresented people in bankruptcy, do you understand?" Upon Abbott's reply that she did understand the Court's directive, the Court dismissed the Order to Show Cause. However, the Court stated that if Abbott again prepares petitions, the Court would impose fines.

Permanent Injunction: Gerald and Susan Pieschel 09-34847-mdm

On November 1, 2010, Judge McGarity held a hearing to show cause as to why Abbott should not be permanently enjoined from preparing petitions in the Eastern District of Wisconsin. After noting that Abbott had violated Court Orders entered March 31, 2010, June 3, 2010, and June 28, 2010, including the Orders in *Hubbard* and *Winkelhake,* Judge McGarity

found that Abbott is incompetent to act as a petition preparer, and in contempt of Court Orders. Therefore, Judge McGarity permanently enjoined Abbott from providing bankruptcy petition preparer services in the Eastern District of Wisconsin.

Violation of Permanent Injunction & Contempt of Subpoena: Ariel JC Arnett 11-28370-svk

As noted above, the Debtor told the intake clerk that Jennifer Abbott assisted her with her bankruptcy petition, and that the Debtor had paid her to do so. The Debtor later denied that she paid Abbott to prepare the petition, claiming that Abbott was a family friend who had prepared a bankruptcy petition for the Debtor's grandmother. The Debtor testified at her § 341 meeting of creditors held on June 29, 2011, that Abbott met the Debtor at a coffee shop, showed the Debtor various web sites, prepared the bankruptcy petition paperwork, advised the Debtor to file an application to waive the bankruptcy filing fee, and selected the debtor's exemptions. Abbott's activities clearly constitute the preparation of a bankruptcy petition, and the Court concludes that Abbott is in contempt of the Court's orders enjoining her from assisting with bankruptcy petition preparation.

Additionally, having found that Abbott was under subpoena to appear at the September 7, 2011 hearing, but failed to obey, the Court holds Abbott in contempt of the subpoena.

Revoked Law License

State Bar of Wisconsin records show that Abbott's law license, issued in 1993, is revoked.

Wisconsin Supreme Court Rule 22.26(2) provides:

> An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

Title 11 U.S.C. § 110(k) provides: "Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law." Abbott's conduct in assisting with the preparation of bankruptcy petitions, including choosing exemptions and advising debtors to seek waivers of the bankruptcy filing fee, is "law work" and violates Wisconsin Supreme Court Rule 22.26(2). The Court will refer this matter to the Office of Lawyer Regulation to determine further sanctions.

Conclusion

The Court is satisfied that notice of the various hearings and service of the subpoena upon Jennifer Valente Abbott was both effective and sufficient. The Court finds that Jennifer Valente Abbott has both willfully and contemptuously violated the permanent injunction

enjoining her from providing bankruptcy petition preparer services in the Eastern District of Wisconsin.

      IT IS THEREFORE ORDERED:  the Motion of the U.S. Trustee to hold Jennifer Valente Abbott in civil contempt is granted;

      IT IS FURTHER ORDERED:  for violating Court Orders to cease preparing bankruptcy petitions, the Court imposes a fine of $500 payable by Jennifer Valente Abbott to the U.S. Trustee within 7 days of the entry of this Order;

      IT IS FURTHER ORDERED:  for failure to obey the U.S. Trustee's subpoena, the Court imposes a fine of $500 payable by Jennifer Valente to the U.S. Trustee within 7 days of the entry of this Order; and

      IT IS FURTHER ORDERED:  that these factual findings are certified to the District Court for consideration of whether sanctions should be imposed upon Jennifer Valente Abbott for criminal contempt.  The Clerk of Bankruptcy Court is directed to transmit to the District Court the record in connection with this case, as well as the documents listed on Exhibit A from other bankruptcy cases in which Jennifer Abbott acted as a petition preparer.

####

## Exhibit A

**Cydney G. Hubbard 10-29785-svk**

| Date | Docket No. | Pleading |
|---|---|---|
| 07/02/10 | 12 | Order to Show Cause and Notice of Hearing on Fees of Petition Preparer |
| 07/27/10 | 15 | Order to Petition Preparer to Refund Fees |
| 08/26/10 | 19 | Letter from Cydney Hubbard to Court |
| 09/10/10 | 26 | Order to Show Cause and Notice of Hearing as to Why Jennifer Valente Abbott Should not be Barred from Preparing Bankruptcy Petitions in this District and Have Additional Sanctions Imposed |
| 09/28/10 | 29 | Order Barring Jennifer Valente Abbott from Preparing Bankruptcy Petitions |

**Jon R. Winkelhake 10-36074-svk**

| Date | Docket No. | Pleading |
|---|---|---|
| 10/01/10 | 6 | Order to Show Cause and Notice of Hearing on Fees of Petition Preparer |
| 10/19/10 | 12 | Court Minutes from 10/18/10 Hearing on Order to Show Cause and Fees of Petition Preparer |

**Gerald and Susan Pieschel 09-34847-mdm**

| Date | Docket No. | Pleading |
|---|---|---|
| 02/02/10 | 21 | Motion of the U.S. Trustee for Determination of Reasonable Value of Services |
| 02/25/10 | 24 | Notice of Hearing on U.S. Trustee's Motion |
| 03/30/10 | 27 | Exhibits from 03/29/10 Hearing on U.S. Trustee's Motion |
| 03/31/10 | 28 | Order Granting U.S. Trustee's Motion |
| 03/31/10 | 29 | Judgment on Decision of the Court |
| 03/31/10 | 30 | Court Minutes from 03/29/10 Hearing on U.S. Trustee's Motion |

| Date | No. | Description |
|---|---|---|
| 06/03/10 | 35 | Letter from Jennifer Abbott Requesting an Extension of Time to Pay Fees and Refund |
| 06/03/10 | 36 | Order Extending Deadline to Disgorge a Portion of Fees and to Pay Fine |
| 06/22/10 | 38 | Letter from Jennifer Abbott Requesting an Extension of Time to Pay Fees and Refund |
| 06/28/10 | 39 | Final Order Extending Deadline to Disgorge a Portion of Fees and to Pay Fine |
| 07/26/10 | 41 | Order to Show Cause and Notice of Hearing on Sanctions for Contempt |
| 08/10/10 | 43 | Adversary Case 10-2422, William T. Neary, U.S. Trustee v Jennifer Valente Abbott |
| 08/13/10 | 44 | Letter from Gerald and Susan Pieschel to Court |
| 08/26/10 | 45 | Court Minutes and Order from 08/24/10 Hearing |
| 10/06/10 | 48 | Letter from U.S. Trustee to Court |
| 10/07/10 | 49 | Notice of Hearing to Show Cause as to Why Jennifer Valente Abbott Should not be Permanently Enjoined |
| 11/05/10 | 51 | Court Minutes from 11/01/10 Hearing and Order Permanently Enjoining Jennifer Valente Abbott |